UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

    Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,

    Defendants.

Case No. 20-cv-05886-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVING CONGIZABLE CLAIMS; REFERRING CASE TO PRO SE PRISONER MEDIATION PROGRAM; STAYING ACTION; AND DIRECTIONS TO CLERK**

## I. INTRODUCTION

Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed this *pro se* civil rights action under 42 U.S.C. § 1983. He seeks monetary and punitive damages. His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Dkt. 2.

Plaintiff has named California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz, CDCR Director Connie Gipson, the California Correctional Health Care Services ("CCHCS"), PBSP, PBSP Warden Jim Robertson, PBSP Chief Executive Officer Bill Woods, PBSP Chief Physician and Surgeon Elena Tootell, PBSP Chief of Mental Health K. Limon, PBSP Officers M. Ford, Valdez, Hamm, Hernandez, Skaggs, and Wagner, PBSP Registered Nurses S. Barden, Troy Smith and Jasmine Yang, and John Doe #1-3, who are officers at PBSP.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

Venue is proper because the events giving rise to Plaintiff's claims in his complaint are alleged to have occurred at PBSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II. DISCUSSION

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In his complaint, Plaintiff alleges that on May 18, 2020, he was "sent to the 'A2' medical isolation unit at PBSP due to having COVID-19 symptoms and possible COVID-19 exposure." Dkt. 1 at 19.[1] He claims that the named Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and Title II of the Americans With Disabilities Act ("ADA") due to (1) their "delay in ordering the mandatory COVID-19 testing and contact tracing of all of its [PBSP] employees before, and after COVID-19 first entered the prison, [which] led [Plaintiff] [to] being exposed to unsafe and inhumane conditions"; and (2) the "inadequate quarantine isolation unit exposed [Plaintiff] to unsafe and inhumane living conditions." *Id.* at 4-22. Plaintiff also claims that he suffers from "bi-polar disorders and schizophrenia," that he is "considered disabled . . . if there is a record of a mental impairment . . ." and that his "history of mental impairments qualify him to receive mental health and medical care on a daily basis while in the 24-hour isolation unit within [PBSP]." *Id.* at 17-18. Plaintiff claims that for fifteen days, while he was housed at the "A2 medical isolation unit" at PBSP from May 18, 2020 to June 3, 2020, Defendants Tootell, Limon, Barden, Smith and Yang denied Plaintiff

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1  mental health treatment in the form of daily mental health check-ups. *Id.* at 17-22.

2  First, liberally construed, Plaintiff's aforementioned allegations appear to state a cognizable claim for relief for violation of the Eighth Amendment against the named Defendants.

Second, Title II of the ADA prohibits discrimination on the basis of a disability in the programs, services or activities of a public entity.  The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).[2]  Finally, the proper defendant for an ADA action is the institution in which Plaintiff is incarcerated—PBSP (which Plaintiff has named as a Defendant) and the CDCR.  Therefore, any claims relating to an ADA action against the CCHCS are DISMISSED with prejudice.  Even liberally construed, Plaintiff's efforts to state a cognizable claim for relief under Title II of the ADA against PBSP fails for the following reasons.  While Plaintiff claims he has certain mental health disorders, he does not specifically allege that he is an individual with a disability and that he is otherwise qualified to participate in or receive the benefit of the public entity's services or programs.  He also does not allege that he was excluded from or denied the benefits of the public entity's services or programs *because of* his disability.  Therefore, his allegations fail to meet any of the requirements of a cognizable claim for relief under Title II of the ADA against the PBSP.  Plaintiff's remaining claims against CCHCS are barred by the Eleventh Amendment.  The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state.  *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38

---

[2] Monetary damages are not available under Title II of the ADA absent a showing of discriminatory intent.  *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  To show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Deliberate indifference by the entity requires: (1) knowledge that a harm to a federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  *Id.* at 1139.

1   (1985). This Eleventh Amendment immunity also extends to suits against a state agency. *See,*
2   *e.g., Simmons v. Sacramento County Superior Court*, 318 F.3d 1156,1161 (9th Cir. 2003)
3   (Eleventh Amendment bars suit against state superior court and its employees); *Bennett v.*
4   *California*, 406 F.2d 36, 39 (9th Cir. 1969) (California Adult Authority and CDCR not persons
5   within meaning of Civil Rights Act). Therefore, CCHCS is DISMISSED from this action.

6   Third, Plaintiff's allegation of a violation of his Fourteenth Amendment equal protection
7   rights are conclusory and ambiguous. *See* Dkt. 1 at 17. Thus, Plaintiff has not stated a cognizable
8   equal protection claim, and this claim is DISMISSED without prejudice.

9   Plaintiff has sued all named Defendants individually and in their official capacities seeking
10  monetary relief. Dkt. 1 at 1. "[A]n official-capacity suit is, in all respects other than name, to be
11  treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless
12  waived, the Eleventh Amendment bars a federal court award of damages against a state, state
13  agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here,
14  Plaintiff's claims against the named Defendants in their official capacities for monetary damages
15  is DISMISSED with prejudice.

16  Plaintiff names Defendants Diaz (the CDCR Secretary) and Gipson (the CDCR Director),
17  but Plaintiff does not claim that these Defendants personally violated his constitutional rights.
18  Rather, Plaintiff seems to contend that these Defendants are liable based on the conduct of their
19  subordinates—the remaining Defendants named above. Respondeat superior liability is not
20  available under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead,
21  Plaintiff must allege that the supervisory liability Defendants "participated in or directed the
22  violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are
23  alleged to establish supervisorial liability on the part of Defendants Diaz and Gipson.
24  Accordingly, Plaintiff's supervisory liability claims against Defendants Diaz and Gipson are
25  DISMISSED without prejudice.

26  Finally, Plaintiff identifies John Does #1-3, whose names he intends to learn through
27  discovery. The use of Doe Defendants is not favored in the Ninth Circuit. *See Gillespie v.*
28  *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants

1  cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity

2  through discovery to identify them.  *Id.*  Failure to afford the plaintiff such an opportunity is error.

3  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, the claims against

4  these Doe Defendants are DISMISSED from this action without prejudice.  Should Plaintiff learn

5  this Doe Defendants' identity through discovery, he may move to file an amended complaint to

6  add these Defendant as named defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192,

7  1195-98 (9th Cir. 2003).

### C. Pro Se Prisoner Mediation Program

The Northern District of California has established a Pro Se Prisoner Mediation Program.  Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman.  The Court finds that this action should be referred to Magistrate Judge Illman for settlement proceedings.[3]  Accordingly, the Court hereby REFERS this case to Magistrate Judge Illman for settlement proceedings pursuant to the Pro Se Prisoner Mediation Program.  Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit.  Magistrate Judge Illman shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within ten (10) days after the conclusion of all settlement proceedings, shall file with the Court a report thereon.

---

[3] In Plaintiff's other pending action, *Stuckey v. Howard*, Case No. 19-cv-03691-YGR (PR), Defendants' attorney, Deputy Attorney General Robert W. Henkels, states that Plaintiff has "several ongoing actions against the California Department of Corrections and Rehabilitation [("CDCR")] ongoing before this Court, and he has recently served settlement demands in each." Dkt. 38 at 2 in Case No. 19-cv-03691-YGR (PR).  Attorney Henkels adds that "[c]ounsel for defendants in three of those matters are working together to determine whether they may resolve all such cases in a global settlement." *Id.* (citing Henkels Decl. ¶¶ 4-6); *see Stuckey v. Howard*, Case No. 19-cv-03691-YGR (PR), *Stuckey v. Woods*, Case No. 19-cv-03780-YGR (PR), *Stuckey v. Knight*, Case No. 19-cv-05460-YGR (PR).  Attorney Henkels also notes that Plaintiff has filed other cases that are currently before this Court, including *Stuckey v. Sturdevant*, Case No. 20-cv-01898-YGR (PR) and *Stuckey v. CDCR*, Case No. 20-cv-05886-YGR (PR).  Henkels Decl. ¶ 4 in Case No. 19-cv-03691-YGR (PR).  Attorney Henkels adds as follows: "Plaintiff has served settlement demands in [*Howard*], in *Knight*, and in *Woods*.  After speaking with [Defendants' counsel in Plaintiff's other matters], and with my supervisor, we believe it to be in the best interests of all parties and of the Court to make a concerted effort to see if we can resolve all the cases together through a global settlement process." *Id.* ¶ 5.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Any claims relating to an ADA action against CCHCS are DISMISSED with prejudice. The Court finds that Plaintiff fails to state a cognizable claim for relief under Title II of the ADA against PBSP.

2. All remaining claims against the CCHCS are DISMISSED without prejudice.

3. Plaintiff's equal protection claim is DISMISSED without prejudice.

4. Plaintiff's claims against the named Defendants in their official capacities for monetary damages is DISMISSED with prejudice.

5. Plaintiff's supervisory liability claims against Defendants Diaz and Gipson are DISMISSED without prejudice.

6. Plaintiff's claims against Doe Defendants John Does #1-3 are DISMISSED without prejudice.

7. Plaintiff has stated cognizable claims for deliberate indifference to his serious medical needs against the remaining named Defendants.

8. This action is referred to the Pro Se Prisoner Mediation Program. The Clerk is directed to serve Magistrate Judge Illman with a copy of this Order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

9. The Clerk of the Court shall send a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. 1) and a copy of this Order to: **PBSP Warden Jim Robertson; PBSP Chief Executive Officer Bill Woods; PBSP Chief Physician and Surgeon Elena Tootell; PBSP Chief of Mental Health K. Limon; PBSP Officers M. Ford, Valdez, Hamm, Hernandez, Skaggs, and Wagner; and PBSP Registered Nurses S. Barden, Troy Smith and Jasmine Yang.** The Clerk shall also send a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and also to Defendants' attorney in Case No. 19-cv-03691-YGR (PR), Deputy Attorney General Robert W. Henkels. Additionally, the Clerk shall send a copy of this Order to Plaintiff.

1    10.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B). Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.

11.    In view of the referral to the Pro Se Prisoner Mediation Program, after the complaint has been served on the aforementioned named Defendants against whom Plaintiff has alleged cognizable claims, all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court. If the case is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated:  December 15, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

cc:  Magistrate Judge Robert M. Illman