UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE KENNETH STUCKEY,<br><br>    Plaintiff,<br><br>v.<br><br>JIM ROBERSTON, et al.,<br><br>    Defendants. | Case No. 20-cv-05886-YGR (PR)<br><br>**ORDER REOPENING ACTION; AND LIFTING STAY** |

## I. BACKGROUND

Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff named California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz, CDCR Director Connie Gipson, the California Correctional Health Care Services ("CCHCS"), PBSP, PBSP Warden Jim Robertson, PBSP Chief Executive Officer Bill Woods, PBSP Chief Physician and Surgeon Elena Tootell, PBSP Chief of Mental Health K. Limon, PBSP Officers M. Ford, Valdez, Hamm, Hernandez, Skaggs, and Wagner, PBSP Registered Nurses S. Barden, Troy Smith and Jasmine Yang, and John Doe #1-3, who are officers at PBSP.

On December 15, 2020, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP"). Dkt. 6. On the same date, the Court issued an Order of Partial Dismissal and Serving Cognizable Claims; Referring Case to Pro Se Prisoner Mediation Program; Staying Action; and Directions to Clerk. Dkt. 7. The following background is taken from the Court's December 15, 2020 Order, which states as follows:

> In his complaint, Plaintiff alleges that on May 18, 2020, he was "sent to the 'A2' medical isolation unit at PBSP due to having COVID-19 symptoms and possible COVID-19 exposure." Dkt. 1 at 19.[1] He claims that the named Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and Title II of the Americans With Disabilities Act ("ADA") due to (1) their

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

> "delay in ordering the mandatory COVID-19 testing and contact tracing of all of its [PBSP] employees before, and after COVID-19 first entered the prison, [which] led [Plaintiff] [to] being exposed to unsafe and inhumane conditions"; and (2) the "inadequate quarantine isolation unit exposed [Plaintiff] to unsafe and inhumane living conditions." *Id.* at 4-22. Plaintiff also claims that he suffers from "bi-polar disorders and schizophrenia," that he is "considered disabled . . . if there is a record of a mental impairment . . ." and that his "history of mental impairments qualify him to receive mental health and medical care on a daily basis while in the 24-hour isolation unit within [PBSP]." *Id.* at 17-18. Plaintiff claims that for fifteen days, while he was housed at the "A2 medical isolation unit" at PBSP from May 18, 2020 to June 3, 2020, Defendants Tootell, Limon, Barden, Smith and Yang denied Plaintiff mental health treatment in the form of daily mental health check-ups. *Id.* at 17-22.

Dkt. 7 at 2-3 (footnote in original). The Court found that Plaintiff's aforementioned allegations appeared to state a cognizable claim for relief for violation of the Eighth Amendment against the named Defendants. *Id.* Second, the Court dismissed with prejudice any claims relating to an ADA action against the CCHCS. *Id.* at 3-4. Third, the Court found that Plaintiff's allegation of a violation of his Fourteenth Amendment equal protection rights was conclusory and ambiguous. *Id.* at 4. Thus, the Court concluded that Plaintiff had not stated a cognizable equal protection claim, and it dismissed that claim without prejudice. *Id.* The Court dismissed with prejudice Plaintiff's claims against the named Defendants in their official capacities for monetary damages. *Id.* Plaintiff's supervisory liability claims against Defendants Diaz (CDCR Secretary) and Gipson (the CDCR Director) were dismissed without prejudice. *Id.* Finally, the claims against the Doe Defendants were dismissed from this action without prejudice. *Id.* at 4-5. The Court then ordered service on Defendants Robertson, Woods, Tootell, Limon, Ford, Valdez, Hamm, Hernandez, Skaggs, Wagner, Barden, Smith, and Yang. *Id.* at 6. All aforementioned Defendants have since been served. Dkts. 19-31.

Also on December 15, 2020, the Court referred this action and Plaintiff's other pending matters to the Pro Se Prisoner Mediation Program and stayed these cases pending global settlement proceedings. Dkt. 7 at 5. The Order stated that, if necessary, the Court will issue a further briefing scheduling after the settlement proceedings.

On February 11, 2021, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement. Dkt. 12. Accordingly, the Court hereby LIFTS the

stay in the instant action, and the Clerk of the Court shall REOPEN the case file.

**II.     CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1. The Court LIFTS the stay in the instant action, and the Clerk shall REOPEN the file.

2. The Court will resolve any pending motions in a separate written Order.

IT IS SO ORDERED.

Dated: May 14, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge