1 | ROB BONTA
Attorney General of California
2 | MARISA KIRSCHENBAUER
Supervising Deputy Attorney General
3 | VIRGINIA I. PAPAN
Deputy Attorney General
4 | State Bar No. 143659
455 Golden Gate Avenue, Suite 11000
5 | San Francisco, CA  94102-7004
Telephone:  (415) 510-3607
6 | Fax:  (415) 703-5843
E-mail:  Gina.Papan@doj.ca.gov
7 | *Attorneys for Defendants J. Robertson, B. Woods,*
*E. Tootell, K. Limon, M. Ford, J. Valdez, J. Hamm,*
8 | *S. Skaggs, E. Wagner, S. Barden, T. Smith, J. Yang,*
*and J. Hernandez*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **ANDRE KENNETH STUCKEY,** | 4:20-cv-05886-YGR |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |
| **v.** | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | Judge:        The Honorable Yvonne Gonzalez Rogers |
| Defendants. | Trial Date:    Not set. Action Filed:  August 21, 2020 |

## INTRODUCTION

The Court should deny Plaintiff Stuckey's motion for leave to file a sur-reply because his filing is procedurally improper, late, and seeks to introduce supplemental argument.  Stuckey moved for leave to file an authorized sur-reply (ECF No. 36) to submit new evidence concerning his assertion that he qualifies for the imminent-danger exception to the three strikes rule. Procedurally, Stuckey failed to comply with Civil Local Rule 7-3(d), because his submission was untimely—filed more than more than seven days after the reply was filed—and does not oppose

1

1   reply evidence or highlight any subsequent published decision.  Civ. L.R. 7-3(d).  Moreover, the

2   evidence submitted, specifically Dr. Allen's declaration, does not demonstrate Stuckey was in

3   imminent danger of serious physical injury.  To the contrary, Dr. Allen has never seen Stuckey,

4   admittedly declares he lacks information to make a definitive determination regarding Stuckey's

5   claims, and states "In all fairness, the institution may have everything in place to achieve

6   adequate protection to Mr. Stuckey."  (Pl.'s Req. for Leave, 7-9, ECF No. 36.)  Accordingly, the

7   Court should deny Stuckey's motion.

8                              **RELEVANT PROCEDURAL HISTORY**

9          Defendants filed a motion to revoke Stuckey's *in forma pauperis* status, request for judicial

10  notice, and proposed order on February 23, 2021.  (ECF Nos. 13, 13-1 & 13.2.)  Stuckey opposed

11  the motion, and Defendants replied on May 3, 2021.  (ECF Nos. 15 & 18.)  On May 19, 2021,

12  Stuckey filed a sur-reply which he entitled "Plaintiff's Opposition to Defendants' Reply in

13  Support of Motion to Revoke Plaintiff Stuckey's in Forma Pauperis Status."  (ECF No. 34.)

14  Defendants moved to strike Stuckey's sur-reply because Stuckey failed to seek leave of Court

15  before filing his brief and his filing did not otherwise comply with the local rules regarding post-

16  reply supplemental materials.  Civ. L.R. 7-3(d); (ECF No. 35.)  Stuckey did not oppose

17  Defendants' motion to strike.  Before the Court issued it's ruling on Defendants' motion to strike,

18  Stuckey now seeks leave to file another sur-reply.  (ECF No. 36.)  Defendants oppose Stuckey's

19  motion for leave to file an unauthorized sur-reply because it does not comply with the local rules

20  regarding post-reply supplemental materials and seeks to submit new inadmissible evidence to

21  establish an exemption to the revocation of his *in forma pauperis* status.  *See* Civ. L.R. 7-3(d) and

22  Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

23                                      **ARGUMENT**

24  **I.    STUCKEY'S REQUEST FOR LEAVE TO FILE SUR-REPLY SHOULD BE DENIED.**

25         Under Civil Local Rule 7-3(d), a party opposing a motion can file no further briefs after the

26  reply is filed, except to object to new evidence submitted in the moving parties' reply.  Stuckey

27  offers no objections concerning evidence submitted in Defendants' reply brief.  (See ECF No.

28  18.)  Instead, Stuckey repeats the same arguments raised in his opposition and attempts to put

                                            2

1    additional evidence before the Court which is speculative and unrelated to the fact that Stuckey

2    cannot demonstrate he was in imminent danger of serious physical injury.  (ECF No. 36.)

3    Stuckey cannot escape that fact that there is no evidence of Stuckey testing positive for COVID-

4    19.  (See Defs.' Reply, 3, ECF 18.)   Because the Local Rules do not permit this supplemental

5    evidence, the Court should deny Stuckey's motion for leave.

6          Moreover, the Court should also deny Stuckey's request for leave because it is untimely.

7    Stuckey was required to file his objections no later than May 10, 2021.  Stuckey's original sur-

8    reply was not filed until May 19, 2021.  (ECF No. 34.)

9          Because Stuckey's motion is procedurally defective and untimely, the Court should deny

10   his motion.

11   **II.    THE EVIDENCE ATTACHED TO THE SUR-REPLY DOES NOT ESTABLISH AN IMMINENT**

12   **DANGER EXCEPTION.**

13         In addition to largely repeating the same arguments raised in his opposition, Stuckey's

14   request for leave alleges that the evidence attached to his sur-reply—Dr. Allen's declaration—

15   shows he was in imminent danger of serious physical harm when he filed his original complaint

16   because Defendants exposed him to COVID-19 on numerous occasions related to "ordering

17   mandatory COVID-19 testing and contact tracing of its staff and inmates."  (ECF No. 36 at 1.)

18   Stuckey cannot demonstrate he was in imminent danger of serious physical injury because

19   Stuckey has never offered any evidence of testing positive for COVID-19. (See Defs.' Reply, 3,

20   ECF 18.)

21         Stuckey also misstates Dr. Allen's as supportive on Stuckey's claims of being in imminent

22   danger.  (ECF No. 36.)  Instead, Dr. Allen admits that he lacks information to make a definitive

23   determination regarding Stuckey's claims.  (*Id.* at 7.)  Dr. Allen also noted, "In all fairness, the

24   institution may have everything in place to achieve adequate protection of Mr. Stuckey."  (*Id.* at

25   9.)  Stuckey's claims are not plausible because they are based on conclusory and unsubstantiated

26   statements that correctional Defendants exposed him to COVID-19.  Absent conclusive evidence

27   of testing positive to COVID-19, Stuckey's continuous claims of being in the "high risk category

28   for severe to fatal outcome if infected" (ECF No. 36 at 3, 7) is too speculative and simply does

1   not meet the burden of proving that he satisfies the exception to 28 U.S.C. section 1915(g).

2   Accordingly, Stuckey's sur-reply violated Local Rule 7-3(d) and his request for leave should be

3   denied.

4                                            **CONCLUSION**

5         Stuckey's motion for leave should be denied because it is procedurally defective, late, and

6   seeks to introduce additional evidence in opposition to Defendants' motion to revoke his in forma

7   pauperis status.  Moreover, Dr. Allen's declaration does not demonstrate Stuckey was in

8   imminent danger of serious physical injury.  Therefore, Defendants request the Court deny

9   Stuckey's motion.

10  Dated:  June 15, 2021                          Respectfully submitted,

11                                                 ROB BONTA
                                                   Attorney General of California
12                                                 MARISA KIRSCHENBAUER
                                                   Supervising Deputy Attorney General
13

14
                                                   /s/ Virginia I . Papan
15                                                 VIRGINIA I. PAPAN
                                                   Deputy Attorney General
16                                                 *Attorneys for Defendants*
                                                   *J. Robertson, B. Woods, E. Tootell,*
17                                                 *K. Limon, M. Ford, J. Valdez, J. Hamm,*
                                                   *S. Skaggs, E. Wagner, S. Barden, T. Smith,*
18                                                 *J. Yang, and J. Hernandez*

19
    SF2020401883
20  42738886.docx.final

21

22

23

24

25

26

27

28

4

# CERTIFICATE OF SERVICE

Case Name:   **_Stuckey, Andre Kenneth_**          No.   **4:20-cv-05886-YGR**
             **_(AK1711) v. CDCR, et al._**

I hereby certify that on <u>June 15, 2021</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On <u>June 15, 2021</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Andre Kenneth Stuckey (AK1711)**
**Pelican Bay State Prison**
**P.O. Box 7500**
**Crescent City, CA  95532-7500**
_In Pro Se_

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>June 15, 2021</u>, at San Francisco, California.

| N. Codling | _/s/ N. Codling_ |
|:---:|:---:|
| Declarant | Signature |

SF2020401883
42738944.docx