UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

    Plaintiff,

v.

JIM ROBERSTON, et al.,

    Defendants.

Case No. 20-cv-05886-YGR (PR)

**ORDER DENYING DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS; ADDRESSING PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE**

## I. INTRODUCTION

Plaintiff Andre Kenneth Stuckey, a state prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") and frequent litigant in federal court, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. 1. He was previously granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 6.

The parties are presently before the Court on defendants' motion to revoke plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g). Dkt. 13. Having read and considered the papers submitted, and being fully informed, the Court DENIES defendants' motion for the reasons set forth below. The Court also addresses the parties' other pending motions below.

## II. BACKGROUND

On August 21, 2020, plaintiff filed his complaint, alleging constitutional violations occurring at PBSP. Plaintiff named California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz, CDCR Director Connie Gipson, the California Correctional Health Care Services ("CCHCS"), PBSP, PBSP Warden Jim Robertson, PBSP Chief Executive Officer Bill Woods, PBSP Chief Physician and Surgeon Elena Tootell, PBSP Chief of Mental Health K. Limon, PBSP Officers M. Ford, Valdez, Hamm, Hernandez, Skaggs, and Wagner, PBSP Registered Nurses S. Barden, Troy Smith and Jasmine Yang, and John Doe #1-3, who are officers at PBSP. *See* Dkt. 1.

On December 15, 2020, the Court granted plaintiff's motion for leave to proceed IFP. Dkt. 6. On the same date, the Court issued an Order of Partial Dismissal and Serving Cognizable

Claims; Referring Case to Pro Se Prisoner Mediation Program; Staying Action; and Directions to Clerk. Dkt. 7. The following background is taken from the Court's December 15, 2020 Order, which states as follows:

> In his complaint, Plaintiff alleges that on May 18, 2020, he was "sent to the 'A2' medical isolation unit at PBSP due to having COVID-19 symptoms and possible COVID-19 exposure." Dkt. 1 at 19.[1] He claims that the named Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and Title II of the Americans With Disabilities Act ("ADA") due to (1) their "delay in ordering the mandatory COVID-19 testing and contact tracing of all of its [PBSP] employees before, and after COVID-19 first entered the prison, [which] led [Plaintiff] [to] being exposed to unsafe and inhumane conditions"; and (2) the "inadequate quarantine isolation unit exposed [Plaintiff] to unsafe and inhumane living conditions." *Id.* at 4-22. Plaintiff also claims that he suffers from "bi-polar disorders and schizophrenia," that he is "considered disabled . . . if there is a record of a mental impairment . . ." and that his "history of mental impairments qualify him to receive mental health and medical care on a daily basis while in the 24-hour isolation unit within [PBSP]." *Id.* at 17-18. Plaintiff claims that for fifteen days, while he was housed at the "A2 medical isolation unit" at PBSP from May 18, 2020 to June 3, 2020, Defendants Tootell, Limon, Barden, Smith and Yang denied Plaintiff mental health treatment in the form of daily mental health check-ups. *Id.* at 17-22.

Dkt. 7 at 2-3 (footnote in original). The Court found that plaintiff's aforementioned allegations appeared to state a cognizable claim for relief for violation of the Eighth Amendment. *Id.* Second, the Court dismissed with prejudice any claims relating to an ADA action against the CCHCS. *Id.* at 3-4. Third, the Court found that plaintiff's allegation of a violation of his Fourteenth Amendment equal protection rights was conclusory and ambiguous. *Id.* at 4. Thus, the Court concluded that plaintiff had not stated a cognizable equal protection claim, and it dismissed that claim without prejudice. *Id.* The Court dismissed with prejudice plaintiff's claims against the named defendants in their official capacities for monetary damages. *Id.* Plaintiff's supervisory liability claims against defendants Diaz (CDCR Secretary) and Gipson (the CDCR Director) were dismissed without prejudice. *Id.* Finally, the claims against the Doe defendants were dismissed from this action without prejudice. *Id.* at 4-5. The Court then ordered service on the remaining defendants (Robertson, Woods, Tootell, Limon, Ford, Valdez, Hamm, Hernandez, Skaggs,

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

Wagner, Barden, Smith, and Yang). *Id.* at 6. All aforementioned defendants have since been served. Dkts. 19-31.

Also on December 15, 2020, the Court referred this action and plaintiff's other pending matters to the Pro Se Prisoner Mediation Program and stayed these cases pending global settlement proceedings. Dkt. 7 at 5. The Order stated that, if necessary, the Court will issue a further briefing scheduling after the settlement proceedings.

On February 11, 2021, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement. Dkt. 12.

In an Order dated May 14, 2021, the Court lifted the stay in the instant action and directed the Clerk of the Court to reopen the case file.

As mentioned above, defendants have filed a motion requesting the Court revoke plaintiff's IFP status under 28 U.S.C. § 1915(g). Plaintiff has filed an opposition, and defendants have filed a reply. Dkts. 15, 18. In addition, plaintiff filed an unsolicited surreply to defendants' motion, and he seeks leave to file the same. Dkt. 36. The Court GRANTS plaintiff's request for leave to file a surreply, and defendants' corresponding motion to strike the sur-reply is DENIED. Dkt. 35.

**III. DISCUSSION**

**A. 28 U.S.C. § 1915(g)**

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts

1   may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir.
2   2001).
3         For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to
4   state a claim on which relief may be granted" parallels the language of Federal Rule of Civil
5   Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is
6   "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to
7   a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113,
8   1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three
9   categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action
10  under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an
11  [earlier] action, and other relevant information, the district court determines that the action was
12  dismissed because it was frivolous, malicious or failed to state a claim." *Id.*
13        *Andrews I* requires that the prisoner be given notice of the potential applicability of
14  section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear
15  the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A
16  defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that
17  allows the district court to conclude that the prisoner plaintiff has suffered at least three prior
18  dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met
19  this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count
20  as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*
21        A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as
22  a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at
23  the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming
24  district court's denial of IFP status and dismissing complaint without prejudice under section
25  1915(g)).

26      **B.    Plaintiff's Prior "Strikes"**
27        At the time plaintiff was granted leave to proceed IFP, the Court was unaware of the basis
28  of the dismissals of his cases in other districts, i.e., the United States District Court for the Central

4

District of California.  In their motion, defendants indicate that a review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had multiple cases dismissed on the ground that they were frivolous or failed to state a claim upon which relief may be granted.  This Court GRANTS defendants' request for judicial notice of the court documents provided in support of their motion to revoke IFP status on the grounds that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[2]  Dkt. 13-1.  Defendants argue that the following dismissals (filed in this district and in the United States District Court for the Central District of California) may be counted as dismissals for purposes of section 1915(g): Case Nos. 2:12-cv-06875, 2:12-cv-08438, and 19-cv-03688.  *See* Dkt. 13 at 2-3

To start, the Court reviews each to determine whether they qualify as strikes under section 1915(g).  *See Andrews I*, 398 F.3d at 1121.  Plaintiff's dismissals in Case Nos. 2:12-cv-06875, 2:12-cv-08438, and 19-cv-03688, which were all entered before the instant action was brought by plaintiff on August 21, 2020, may be counted as dismissals for purposes of section 1915(g).  As further explained below, these dismissals all qualify as "strikes" under section 1915(g).  *See id.*

In his opposition, Plaintiff disputes that he has accrued three qualifying dismissals under section 1915(g).  Dkt. 15 at 1-2.  Plaintiff concedes that all three cases were dismissed as frivolous or failing to state a claim for relief, but contends that his dismissals in Case Nos. 2:12-cv-06875 and 2:12-cv-08438 do not count because they were "two separate complaints that were based on the same operative facts."  *Id.* at 1.

The Court finds that Plaintiff offers no meaningful dispute that he has accrued three qualifying dismissals under § 1915(g).  The PLRA contains no exception for duplicate litigation and that the PLRA's three-strikes rule applies regardless of whether the plaintiff's claim is well-pleaded or brought in good faith.  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).  The central inquiry in determining whether dismissals qualify as strikes, is whether the dismissal

---

[2] The district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

5

"rang the PLRA bells of frivolous, malicious, or failure to state a claim." *Id.* Thus, the Court finds that these bells were unequivocally sounded in each of Plaintiff's dismissals as the respective district courts not only found them to be frivolous, but also found that he failed to state claims upon which relief may be granted.

In Case No. 2:12-cv-06875, the magistrate judge recommended to deny plaintiff's request to proceed IFP because his complaint was "frivolous, malicious, and fail[ed] to state a claim for relief." Dkt. 13-1 at 7 (Ex. A). Meanwhile in Case No. 2:12-cv-08438, the magistrate judge recommended to deny plaintiff's request to proceed IFP for the same reasons as Case No. 2:12-cv-06875. *Id.* at 12 (Ex. B). In both cases, the magistrate judge also specifically stated that: "[t]his denial may constitute a strike under the 'Three Strikes' provision governing the filing of prisoner suits. 28 U.S.C. § 1915(g); *see O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008)." *Id*. at 7, 12. A district judge then adopted the magistrate judges' findings and recommendations in both cases and denied plaintiff's requests to proceed IFP. *Id.* Plaintiff does not dispute that his third case, which was in this district, Case No. 19-cv-03688 was dismissed as being both frivolous and failing to state a claim. *See id.* at 18-21 (Ex. C). He is not challenging that frivolousness and failure to state a claim are qualifying reason for a strike under section 1915(g). Therefore, the Court finds that the three aforementioned cases, Case Nos. 2:12-cv-0687, 2:12-cv-08438, and 19-cv-03688, were dismissed for a qualifying reason under section 1915(g), and therefore count as strikes. *See Andrews I*, 398 F.3d at 1120. In sum, plaintiff's three aforementioned dismissals constitute "strikes" under section 1915(g). Thus, his IFP status must be revoked unless he can show that he is entitled to the imminent danger of serious physical injury exception under section 1915(g).

A plaintiff barred from bringing an action IFP because he has three strikes may still proceed without prepaying court fees if he can show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the exception turns on the "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). As this is merely a "threshold procedural" question, the Ninth Circuit has indicated that district courts should not conduct an

overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id.* at 1055. Rather, "the exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* In order to satisfy the imminence prong, the prisoner must allege that the danger is ongoing. *See id.* at 1056-57 (prisoner who alleges that prison officials continue with practice that has injured him satisfies ongoing danger standard and meets imminence prong of three-strike exception).

A district court should liberally construe the allegations in a complaint filed by a *pro se* prisoner facing a section 1915(g) bar. *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir. 2002) (liberally construing allegations in complaint for initial determination of whether prisoner is under imminent danger of serious physical injury). It is sufficient if any part of the complaint plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

Under the law of this Circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar IFP status for him. *See Andrews I*, 398 F.3d at 1120. Here, in his surreply, plaintiff claims that defendants "violated [his] Eighth Amendment by being deliberately indifferent to his medical needs, mental health and safety in light of the COVID-19 pandemic, as well as exposing him to COVID-19 pandemic, as well as exposing him to COVID-19 on numerous occasions due to inadequate COVID-19 testing and contact tracing of its staff and inmates." Dkt. 34 at 1. Attached to his sureply is a declaration by PBSP physician, Dr. Everett D. Allen, dated March 5, 2021, who claims that he has "a long history with the [California Department of Corrections and Rehabilitation] and is public health issues well before [he] started employment at PBSP in 1999." *Id.* at 5-7. Dr. Allen further explains that he interviewed plaintiff on March 2, 2021, and he states that plaintiff "has more than one documented medical diagnosis that places him into the high risk category for severe fatal outcome if infected with the SARS-CV-2 virus causing the disease of COVID-19." *Id.* at 5. Based on the aforementioned allegations, the Court finds that plaintiff plainly is entitled to proceed under the imminent danger exception because he has made "a plausible allegation that [he] faced 'imminent danger of serious physical

7

injury' at the time of filing." *Andrews II*, 493 F.3d at 1055, *see, e.g., id*. at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults and before he filed his complaint). In this Circuit, "requiring a prisoner to allege[] an ongoing danger . . . is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

In addition, the danger must be "clearly related to [the] initial complaint." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (discussing nexus requirement). The Second Circuit has held that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). The Ninth Circuit also has recognized that the imminent danger alleged must be sufficiently related to a claim in the complaint for the imminent danger exception to apply. *See Williams*, 775 F.3d at 1190 (finding plaintiff's allegations of ongoing danger – threats to her safety by other inmates – "clearly *related to* her initial complaint" regarding rumors started by defendants) (emphasis added). District courts in this Circuit accordingly have found that the plaintiff asserting the imminent danger exception must show a nexus between the imminent danger alleged and a claim in the complaint. *See, e.g., Johnson v. Sonoma Cty. Main Adult Det. Facility*, No. 14-cv-05397-CW (PR), 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015); *Pinson v. Frisk*, No. 13-cv-05502-VC (PR), 2015 WL 738253, at *3 (N.D. Cal. Feb. 20, 2015).

In their reply, defendants argue as follows:

> Stuckey's complaint is not plausible because it is based on conclusory and unsubstantiated statements that correctional Defendants exposed him to COVID-19 prior to May 18, 2020, and his time in quarantine between May 18 and June 3, 2020 was "unsafe and inhumane." (Compl. at 4-22, ECF No. 1.) But Stuckey cannot demonstrate he was in imminent danger of serious physical injury because Stuckey has never offered any evidence of testing positive for COVID-19. Similarly, Stuckey's allegations of "having COVID-19 symptoms," have already been established as coughing, diarrhea, and muscle stiffing, which resulted in an immediate COVID-19 test on May 18, 2020, and a subsequent negative result on May 19, 2020. (Pl's Opp'n

8

> at 1, ECF No. 15; Compl. at 19, ¶ 21, ECF No. 1.) Thus, his allegations regarding COVID symptoms should be rejected as "overly speculative and fanciful." *Id.*, 493 F.3d at 1056–57, n.11. Given the facts in this case, it is not plausible that Stuckey faced imminent physical danger at the time of filing this complaint. Thus, Stuckey is not entitled to the "imminent danger" exception and this Court should revoke Stuckey's IFP status.

Dkt. 18 at 3. The Court disagrees with defendants. In order to qualify for the imminent danger exception, plaintiff must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. *See id*. Plaintiff has done so here: he shows a nexus between the imminent danger alleged above and a claim in the complaint, i.e., deliberate indifference based on defendants' failure to protect him from the COVID-19 pandemic. *See* Dkts. 15, 34. As mentioned above, it is sufficient if plaintiff *plausibly* alleges that he is in imminent danger of serious physical injury at the time of filing. *See Andrews II*, 493 F.3d at 1053. Because plaintiff has shown that he is entitled to the imminent danger of serious physical injury exception under section 1915(g), plaintiff's IFP status will not be revoked.

Accordingly, the Court DENIES defendants' motion to revoke plaintiff's IFP status. Dkt. 13.

**IV.  OTHER PENDING MOTIONS**

Plaintiff has also filed other pending motions, including the following motions: (1) a motion for appointment of counsel; (2) a Motion for Leave to File Amended Complaint; and (3) a Motion for Leave to File a Supplemental Complaint. Dkts. 14, 16, 17.

Plaintiff's motion for appointment of counsel (dkt. 14) is DENIED for want of exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case). This denial is without prejudice to the court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

Because plaintiff filed two motions for leave to file either an amended or a supplemental complaint, the Court will only consider the most recent filing, which is the Motion for Leave to File a Supplemental Complaint. Thus, plaintiff's Motion for Leave to File Amended Complaint is

9

DENIED as moot. Dkt. 16.

In plaintiff's Motion for Leave to File a Supplemental Complaint, he seeks to file an amended claim against defendant Gipson. Dkt. 17 at 1. The Court notes that plaintiff's supervisory liability claim against defendant Gipson was dismissed in its December 15, 2020 Order. *See* Dkt. 7 at 4. Plaintiff also seeks to add eleven additional defendants to this action. *See* Dkt. 17 at 1. The Court notes that plaintiff only named three Doe defendants, "John Does #1-3," in his original complaint, and the Court dismissed his claims against these Doe defendants without prejudice. *See* Dkt. 7 at 4-5.

Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). Leave need not be granted, however, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See id.*; *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981).

To date, defendants have not filed a response to the pending Motion for Leave to File a Supplemental Complaint. It appears that the amendment is not sought in bad faith, nor constitutes an exercise in futility or creates undue prejudice. *Id.* Accordingly, at this time, the Court finds no disfavorable reason to deny the motion in its entirety. However, the Court finds that defendants should first be given an opportunity to respond to this pending motion. Therefore, the Court directs defendants to file their response no later than **fourteen (14) days** from the date of this Order. Then, after defendants have had an opportunity to respond, the Court will rule on the remaining pending motion.

### V. CONCLUSION

For the reasons outlined above, the Court rules as follows:

1. This Court GRANTS defendants' request for judicial notice of the court documents provided in support of the motion to revoke IFP on the grounds that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 13-1.

2.	The Court GRANTS plaintiff's request for leave to file a surreply, and defendants' corresponding motion to strike the sur-reply is DENIED.  Dkts. 35, 36.

3.	The Court DENIES defendants' motion to revoke plaintiff's IFP status, and directs the parties to abide by the briefing schedule below.  Dkt. 13.

4.	Plaintiff's motion for appointment of counsel is DENIED.  Dkt. 14.

5.	Plaintiff's Motion for Leave to File Amended Complaint is DENIED as moot.  Dkt. 16.

6.	The Court directs defendants to file their response to plaintiff's Motion for Leave to File a Supplemental Complaint (dkt. 17) no later than **fourteen (14) days** from the date of this Order.  Then, after defendants have had an opportunity to respond, the Court will rule on the pending motion.

7.	The claims in this case have been pending for more than a year now, and there is no reason for further delay.  In order to expedite the resolution of this case, the Court orders as follows:

a.	No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b)

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

11

1   motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315
2   F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
3   remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a
4   defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear
5   on the face of the complaint, defendants must produce evidence proving failure to exhaust in a
6   motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most
7   favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment
8   under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the
9   district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at
10  1168.

11  If defendants are of the opinion that this case cannot be resolved by summary judgment,
12  defendants shall so inform the Court prior to the date the summary judgment motion is due. All
13  papers filed with the Court shall be served promptly on plaintiff.

14  b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
15  and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'
16  motion is filed.

17  c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of
18  the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you
19  must do in order to oppose a motion for summary judgment. Generally, summary judgment must
20  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
21  any fact that would affect the result of your case, the party who asked for summary judgment is
22  entitled to judgment as a matter of law, which will end your case. When a party you are suing
23  makes a motion for summary judgment that is supported properly by declarations (or other sworn
24  testimony), you cannot rely simply on what your complaint says. Instead, you must set out
25  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
26  as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
27  documents and show that there is a genuine issue of material fact for trial. If you do not submit
28  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

1  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154

2  F.3d at 962-63.

3         Plaintiff also is advised that—in the rare event that defendants argue that the failure to

4  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available

5  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

6  prejudice. To avoid dismissal, you have the right to present any evidence to show that you did

7  exhaust your available administrative remedies before coming to federal court. Such evidence

8  may include: (1) declarations, which are statements signed under penalty of perjury by you or

9  others who have personal knowledge of relevant matters; (2) authenticated documents—

10  documents accompanied by a declaration showing where they came from and why they are

11  authentic, or other sworn papers such as answers to interrogatories or depositions; and

12  (3) statements in your complaint insofar as they were made under penalty of perjury and show that

13  you have personal knowledge of the matters state therein. As mentioned above, in considering a

14  motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary

15  judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide

16  disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

17         The notices above do not excuse defendants' obligation to serve similar notices again

18  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

19  motions for summary judgment. *Woods*, 684 F.3d at 935.

20         d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the

21  date plaintiff's opposition is filed.

22         e.     The motion shall be deemed submitted as of the date the reply brief is due.

23  No hearing will be held on the motion unless the Court so orders at a later date.

24     8.     Discovery may be taken in this action in accordance with the Federal Rules of Civil

25  Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to

26  depose Plaintiff and any other necessary witnesses confined in prison.

27     9.     All communications by plaintiff with the Court must be served on defendants or

28  defendants' counsel, once counsel has been designated, by mailing a true copy of the document to

them.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

12. This Order terminates Docket Nos. 13, 14, 16, 35, and 36.

IT IS SO ORDERED.

Dated: October 27, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge